<span style="float:left">JUNE 2,<br>1875. }</span> MALEHAM *v.* COOK.

*Referee's report—Practice—Continuance—Affidavit.*

Upon the coming in of a referee's report which was adverse to the defendant, he elected a trial by jury and offered to proceed; but all the jurors had then been discharged from further attendance at the term. The court ordered judgment on the report, unless the defendant should file his affidavit within fifteen days, in accordance with the fifty-seventh of the general rules, that he expected to be able on the trial by jury to change the result, and in what particulars. *Held,* the order of the court was legal and proper.

This case was referred by order of court at the October term, 1874. The referee did not make his report until the last day of the April term, 1875, and it was adverse to the defendant. The defendant had no notice of its contents until it was filed. Upon the coming in of the report, the defendant elected a trial by jury; said he was ready for trial, and offered to proceed. No juries were then in attendance, having been dismissed the day previous for the term. The plaintiff moved for judgment on the report; and thereupon the court ordered judgment on the report for the plaintiff, unless the defendant should file an affidavit within fifteen days in accordance with the fifty-seventh rule of court.

The defendant excepted, that he was not bound to file said affidavit, and filed his bill of exceptions, which was allowed.

Case transferred.

*Sawyer*, for the plaintiff.

*Quarles*, for the defendant.

\*Foster, C. J., C. C. "In all cases referred without the consent of the parties, wherein they are by law entitled to a trial by jury, the same may, at the request of either party, be tried by jury after the report of the referee has been made, in the same manner and with the same limitations as in the case of the report of an auditor." Act of June, 1874, ch. 97, sec. 13.

"Upon the report of an auditor, either party may elect to try the cause by the jury." Gen. Stats., ch. 212, sec. 8.

"A jury shall be impanelled for the trial of every cause to be tried in that mode, to be drawn from the whole number of jurors in attendance not engaged in another cause." Gen. Stats., ch. 212, sec. 9.

When the defendant in this case elected a trial by jury, no jurors were in attendance; and the cause could not be tried by jury without protracting the term, sending out new *venires*, and impanelling new jurors at great expense. It is very clear that the court in its discretion had the right to refuse such an unreasonable request.

"The supreme court may, by general rules or special order, prescribe the mode of drawing and impanelling the jury" — Gen. Stats., ch. 212, sec. 11; and whatever the supreme court might have done in this regard, the present circuit court may do. Act of June, 1874, ch. 97, sec. 16.

The court ordered judgment on the report for the plaintiff, unless the defendant should file an affidavit within fifteen days, in accordance with the fifty-seventh rule of court, which is,—" On the return of the report of an auditor, the party against whom it is made will not be entitled to a continuance for the purpose of having the case tried by the jury, unless he make affidavit that he intends so to try the case, and expects to be able on such trial to change the result, and in what particulars."

By the third rule of court, established August 28, 1874, rule fifty-seven is made applicable to referees appointed under the judiciary act of June, 1874.

These rules are adopted by authority of the Gen. Stats., ch. 189, sec. 6, which authorize the court from time to time to "establish rules and orders of practice, consistent with the laws, for conducting and regulating its business."

Cushing, C. J. As the case was situated when the report came in, it

---

\* Smith, J., did not sit.

was necessary that it should be continued if it was to be tried by a jury; but by the rule of court the party had not a right to the continuance for that purpose, unless he furnished an affidavit showing that he intended to have a jury trial, and in what particulars he expected to change the result. It was not reasonable that the cause should be continued, unless the party really intended to have a trial by jury; and it was very reasonable, if he did so intend, that the other party should know what were the matters to be tried.

It was no hardship on the defendant to be compelled to furnish his affidavit according to the rule.

LADD, J., concurred.

The defendant's exceptions should be overruled, and there should be

*Judgment on the report.*